IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY LEE OCKERT, JR.,

    **Plaintiff,**

    v.                                     CASE NO. 18-3104-SAC

HARVEY COUNTY DETENTION
FACILITY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On August 17, 2018, the Court entered a Memorandum and Order and Order to Show Cause ("MOSC") (Doc. 9) directing Plaintiff to show cause by September 17, 2018, why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also granted Plaintiff leave to proceed *in forma pauperis* and assessed an initial partial filing fee of $16.50, calculated under 28 U.S.C. § 1915(b)(1).[1] The Court granted Plaintiff an extension of time to October 17, 2018, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC at Doc. 9. (Doc. 14.) Plaintiff was also granted until October 17, 2018, in which to file a complete and proper amended complaint to cure all the deficiencies discussed in the MOSC. *Id.*

Although Plaintiff is currently incarcerated at the Butler County Jail, the events giving rise to his Complaint occurred during his detention at the Harvey County Detention Facility in

---

[1] Plaintiff's initial partial fee was due September 25, 2018, and has not been paid. *See* Doc. 11.

Newton, Kansas. Plaintiff alleges "neglect and aggravated neglect" regarding his medical care. Plaintiff alleges that he went to "sick call" when he was having issues eating and sleeping due to tooth pain. He was told that they could not do anything about it until the tooth was infected "two times." Plaintiff's tooth became infected, it took several days for the antibiotics, and Plaintiff "begged for ibuprofen" and "the tylenol after a month didn't help the swelling at all and the pain was not treated for about 2 months." (Doc. 6, at 2.) Plaintiff asked for his Tylenol two hours earlier than scheduled and was refused. Plaintiff's tooth was pulled and he was transferred to the hole for nothing after his dentist visit and "refused meds due to defendants not faxing or sending medical records." *Id.* Plaintiff alleges that between February 2nd and April 17th he went several days without eating.

Plaintiff names as defendants the "entire detention staff" of the "Harvey County Detention Sheriffs" and the medical staff. Plaintiff states that he cannot remember the names of the officers involved, but he seeks to have them "suspended 30 days" without pay. Plaintiff also seeks compensation of "the max fine on the neglect and aggravated neglect statute."

The Court found in the MOSC that: Plaintiff has not alleged that he exhausted the facility's grievance procedures regarding his medical care; Plaintiff does not specifically name the person responsible for his alleged denial of medical care; Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment; delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm; Plaintiff's allegations of denial of medical care are subject to dismissal for failure to state a claim; Plaintiff's allegations are nothing more than a lay person's disagreement with the medical treatment of his symptoms by medical professionals, such allegations do not rise to the level of a claim of cruel

and unusual punishment under the Eighth Amendment, and are, at most, grounds for a negligence or malpractice claim in state court. The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint." Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court finds that Plaintiff fails to state a claim for relief as set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 23rd day of October, 2018.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**